UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE REED ROBBINS,

    Plaintiff,

vs.                        Case No. 3:09-cv-472-J-12JRK

SGT. THEODORE G. ZOLLO,
et al.,

    Defendants.
_____

## ORDER

Plaintiff Robbins, as an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) under 42 U.S.C. § 1983 on May 21, 2009, pursuant to the mailbox rule. Since that time, he has filed an Amended Complaint (Doc. #12), Second Amended Complaint (Doc. #17) and Third Amended Complaint (Doc. #24), naming the following Defendants: Sergeant Theodore G. Zollo, Captain Lewis, Officer Marcus Strong and Officer Joe Wait. This Court directed service of process upon those Defendants (see Order of Special Appointment; Directing Service of Process Upon the Defendants and Notice to Plaintiff (Doc. #35)); however, service of process of the Third Amended Complaint was returned unexecuted for Defendants Wait, Strong and Lewis. See Unexecuted Returns of Service (Docs. #41, #42, #43). Plaintiff filed a Revised Third Amended Complaint (Doc. #36) on May 27, 2010, naming the following Defendants: Sergeant

Theodore Zollo, Captain T. Jordan, Officer Marcus Strong and Officer John Doe #1. Now before this Court is Defendant Zollo's Motion to Dismiss (Doc. #47) with supporting exhibits (Def. Ex.) and Defendant Zollo's Motion to Strike (Doc. #48) the Revised Third Amended Complaint. Plaintiff has responded to the motions. See Plaintiff's Response to Zollo's Motion to Strike (Doc. #51); Plaintiff's "Motion to Stay in State His Third Amended Complaint" (Doc. #52); Appendix (Doc. #53).

This Court will first address Defendant Zollo's argument that Plaintiff has abused the judicial process by failing to disclose his prior state and federal actions and by failing to disclose his three prior qualifying dismissals under 42 U.S.C. § 1915(g). On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that

they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Case No. 06-15639-D, filed February 13, 2007, District Court Case No. 3:06-cv-267-J-33TEM, Doc. #40;[1] (2) Case No. 08-12096-F, filed August 22, 2008, District Court Case No. 3:06-cv-267-J-33TEM, Doc. #53; (3) Case No. 08-14762-F, filed October 8, 2008, District Court Case No. 3:06-cv-267-J-33TEM, Doc. #55.[2] The Eleventh Circuit, on October 8, 2008, stated:

> We declare Robbins a "three-striker" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under § 1915 if he has on 3 or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). During the course of Robbins's underlying civil rights action, while incarcerated, he had filed two appeals that were dismissed as frivolous. These actions, along with the instant mandamus action, trigger § 1915(g)'s three-strikes provision. Therefore, **we declare Robbins a "three-striker" for purposes of future litigation. See 28 U.S.C. § 1915(g).**

Case No. 08-14762-F, Order at 2 (emphasis added).

---

[1] See Def. Ex. B.

[2] See Def. Ex. D at 2.

3

Thus, because Plaintiff has had three qualifying dismissals and is not under imminent danger of serious physical injury[3] and since the Eleventh Circuit has declared Robbins to be a "three-striker" for purposes of litigation initiated after October 8, 2008, Defendant Zollo has requested that this action be dismissed. However, this Court is concerned that a dismissal would in effect be a dismissal with prejudice since Robbins' allegations and claims center upon an incident that allegedly occurred on November 12, 2005. Therefore, in light of the statute of limitations, this Court will not dismiss this case; however, Robbins will not be permitted to proceed as a pauper since he is a "three-striker" and an abusive filer. This Court also notes that Robbins was released from the custody of the Florida Department of Corrections on May 14, 2010, and therefore should have the financial means to prosecute this case.[4] For these reasons, Plaintiff will be required to pay the $350.00 filing fee and will be responsible for service of process upon the Defendants.[5]

Secondly, Defendant Zollo contends that Plaintiff omits all specific details concerning dates, places, facts or events giving rise to his claims, including the Defendant's involvement and the

---

[3] Plaintiff Robbins is no longer incarcerated.

[4] See http://www.dc.state.fl.us/InmateReleases.

[5] Defendant Zollo has been served; however, Defendants Jordan and Strong have not yet been served.

4

nature and extent of Robbins' alleged injury. Defendant's Motion to Dismiss at 3, 7. Additionally, Defendant Zollo points out that Plaintiff failed to exhaust the administrative grievance procedures with respect to his issues; however, since Robbins is no longer incarcerated and therefore unable to access the grievance procedures, this Court will not dismiss the case for that reason.

Finally, Defendant Zollo argues that Plaintiff has included "scandalous adjectives" in describing the actions of the Defendants, and thus the Revised Third Amended Complaint should be stricken as containing immaterial, impertinent, and scandalous matters. Defendant's Motion to Dismiss at 7; Defendant's Motion to Strike at 1. In reviewing Defendant's Motion to Dismiss and Motion to Strike, it appears that Defendant Zollo has a different version of the Revised Third Amended Complaint, not the same Revised Third Amended Complaint (Doc. #36) filed in this Court, since Defendant Zollo refers to Captain Lewis (see Motion to Strike at 2), who is no longer a named Defendant. Thus, Defendant's Motion to Strike will be denied; however, since Defendant's contentions have merit, this Court will instruct Plaintiff to omit any scandalous matters in any future filings. However, it appears that Plaintiff did not include a certificate of service reflecting that he provided a copy of the Revised Third Amended Complaint (Doc. #36) to Defendant Zollo's counsel. Therefore, Plaintiff's Revised Third Amended Complaint (Doc. #36) will be stricken for Plaintiff's failure to

include a certificate of service and provide a copy to Defendant Zollo's counsel in accordance with this Court's instructions. See Order of Special Appointment; Directing Service of Process Upon the Defendants; Notice to Plaintiff (Doc. #35) at 2-3, paragraphs 6 and 7.

Accordingly, Plaintiff Robbins will be required to file a Fourth Amended Complaint. The Clerk of the Court will be directed to send Robbins a civil rights complaint form for his use in amending. The Fourth Amended Complaint must contain the names of the Defendants with specific dates and facts in support of his claims. Robbins must set forth how each Defendant allegedly violated his federal constitutional rights and state how he was injured and the extent of his injuries. And, finally, he must omit all "scandalous" matters. For example, in amending, Plaintiff should not refer to the Defendants as "goons" or any other scandalous or demeaning names. Any derogatory remarks or references contained in any future motions and/or pleadings will result in this Court's striking the motions and/or pleadings and may result in the dismissal of this action. In completing and filing the enclosed civil rights complaint form, Plaintiff should note that he will be responsible for service of process upon the Defendants.

Therefore, it is now

**ORDERED**:

1. Defendant Zollo's Motion to Dismiss (Doc. #47) is **DENIED**.

2. Defendant Zollo's Motion to Strike (Doc. #48) is **DENIED**.

3. Plaintiff's Revised Third Amended Complaint (Doc. #36) is **STRICKEN** for Plaintiff's failure to include a certificate of service and provide Defendant Zollo's counsel with a copy in accordance with this Court's prior instructions.

4. Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall pay the $350.00 filing fee. Failure to do so will result in the dismissal of this action without further notice.

5. Plaintiff, within **FORTY (40) DAYS** from the date of this Order, shall file a Fourth Amended Complaint that complies with this Court's instructions. Since Plaintiff is no longer proceeding as a pauper, he is responsible for service of process of the Fourth Amended Complaint upon any named Defendants that have not already been successfully served. Plaintiff shall refer to the Department's Notice to the Court that no employees were employed at the Reception and Medical Center by the names of Strong, Wait and Lewis. See Department of Corrections' Notice to Court Regarding Service of Process for Defendants (Doc. #46).

6. The Clerk of the Court shall terminate Plaintiff's motion to proceed in forma pauperis, contained within the Affidavit of Indigency (Doc. #39).

7. Plaintiff's Motion for Appointment of Counsel (Doc. #40) is **DENIED**; however, he may request additional time to seek counsel on his own.

8. Plaintiff's Motion for Enlargement of Time (Doc. #50) is **GRANTED** only to the extent that Plaintiff is granted additional time to file a Fourth Amended Complaint and pay the full filing fee. See paragraphs 4 and 5.

9. Plaintiff's "Motion to Stay in State His Third Amended Complaint" (Doc. #52) is **PARTIALLY GRANTED** only to the extent that Defendant's Motion to Dismiss is denied and Plaintiff is granted additional time to file a Fourth Amended Complaint in accordance with this Court's instructions.

10. The Clerk of Court shall send Plaintiff a civil rights complaint form for his use in filing the Fourth Amended Complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 14TH day of September, 2010.

  Howell W. Melton
  UNITED STATES DISTRICT JUDGE

sc 9/14
c:
Gene Reed Robbins
Ass't Attorney General (Graper)