UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE REED ROBBINS,

        Plaintiff,

vs.                                Case No. 3:09-cv-472-J-12JRK

CAPTAIN T. JORDAN,
et al.,

        Defendants.

## ORDER

Plaintiff Gene Reed Robbins, who is represented by counsel, is proceeding on the Fourth Amended Complaint (Doc. #59). However, this Court granted Plaintiff's Motion for Leave to File a Fifth Amended Complaint (Doc. #70), and Plaintiff's Fifth Amended Complaint is due to be filed on or about January 27, 2011. Now before this Court is Defendant Zollo's Opposed Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Motion to Certify) (Doc. #72). In the Motion to Certify, Defendant Zollo moves for certification of an interlocutory appeal of this Court's Order (Doc. #68), which denied Defendant's Motion for Reconsideration of the Order (Doc. #54). See Order (Doc. #68) (denying Defendant's Motion for Reconsideration); Defendant's Motion for Reconsideration (Doc. #55); Order (Doc. #54) (denying

Defendant's Motion to Dismiss); Defendant's Motion to Dismiss (Doc. #47). Defendant asserts that this Court should have dismissed this case pursuant to the three-strikes provision in 28 U.S.C § 1915(g) and the issue of whether this action should be allowed to proceed should be certified to the Eleventh Circuit as an interlocutory appeal.

Plaintiff has opposed Defendant Zollo's Motion to Certify. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Certify an Interlocutory Appeal (Plaintiff's Opposition) (Doc. #73). In Plaintiff's Opposition, he claims that the Motion to Certify should be denied since this case does not warrant the exceptional circumstances that may necessitate an interlocutory appeal. As this Court pointed out in its previous Order, a dismissal of this case would in effect be a dismissal with prejudice since the statute of limitations has run. See Order (Doc. #54) at 4 (stating "this Court is concerned that a dismissal would in effect be a dismissal with prejudice since Robbins' allegations and claims center upon an incident that allegedly occurred on November 12, 2005"). And, based on the record, Plaintiff Robbins has not acted contumaciously or with willful disregard for the Court's authority and directives such that a dismissal with prejudice would be appropriate. This Court prefers to resolve the case on the merits rather than dismiss the case based on the three-strikes provision when in effect Plaintiff would

2

be barred from refiling and having the merits of his claim addressed in federal court. Thus, due to the unique circumstances of this case, including that this Court has appointed counsel to assist Plaintiff due to his hardships in prosecuting the action, this Court will deny Defendant's Motion to Certify and allow this case to continue so that Plaintiff's counsel can identify the Defendants, that Plaintiff may file the Fifth Amended Complaint, and that this Court may direct service of process, so that Plaintiff's claims can be addressed on the merits.

Therefore, it is now

**ORDERED:**

Defendant Zollo's Opposed Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. #72) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 26TH day of January, 2011.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 1/25
c:
Laura J. Boeckman
Ass't Attorney General (Graper)