UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE REED ROBBINS,

        Plaintiff,

vs.                        Case No.  3:09-CV-472-J-12JRK

CAPTAIN T. JORDAN, et al.,

        Defendants.
_____/

## FIFTH AMENDED COMPLAINT

Plaintiff, Gene Reed Robbins, by and through his undersigned counsel, sues Defendants Captain T. Jordan, Sgt. Theodore G. Zollo, Marcus Strong, and John Doe and alleges:

1. This is a civil rights action brought by Gene Reed Robbins, formerly an inmate of the Florida Department of Corrections, pursuant to 42 U.S.C. § 1983, seeking damages for Defendants' knowing and willful use of excessive and unjustified force against Mr. Robbins while Mr. Robbins was incarcerated at Regional Medical Center (RMC).

## JURISDICTION

2. Mr. Robbins grounds his claim for damages caused by the deprivation of his rights secured by the Eighth and Fourteenth Amendments to the United States Constitution in 42 U.S.C. § 1983 which authorizes this action to redress the

deprivation, under color of state law, of rights, privileges, and immunities secured to him by the Constitution and laws of the United States.

3. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil rights action under the Constitution of the United States.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of rights secured to Mr. Robbins by the Eighth and Fourteenth Amendments to the United States Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) because this action seeks to recover damages, or any other relief as the Court may deem just and proper, under any Act of Congress providing for the protection of civil rights.

6. Mr. Robbins grounds his claim for attorney's fees and costs in 42 U.S.C. § 1988 which authorizes the award of attorney's fees and costs to the prevailing plaintiff in an action or proceeding to enforce the provisions of 42 U.S.C. § 1983.

7. Mr. Robbins has not been incarcerated or otherwise confined in prison, jail, or any other correctional facility since May 19, 2010.  Because Mr. Robbins is not currently incarcerated at the time of filing this Fifth Amended Complaint, the provisions of the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997(e) (2006), do not apply to this action.  Consequently, the exhaustion requirements set forth in § 1997(e) do not deprive this Court of its jurisdiction of this civil action.

**VENUE**

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Robbins's claims occurred in this District.

## PARTIES

9. Defendant, T. Jordan, at all times material to this action, was employed as a correctional officer with the rank of captain at Regional Medical Center (RMC) in Lake Butler, Florida. He is sued in his individual capacity.

10. Defendant, Theodore Zollo, at all times material to this action, was employed as a correctional officer at Regional Medical Center (RMC) in Lake Butler, Florida. He is sued in his individual capacity.

11. Defendant, Marcus Strong, at all times material to this action, was employed as a correctional officer at Regional Medical Center (RMC) in Lake Butler, Florida. He is sued in his individual capacity.

12. Defendant, John Doe, at all times material to this action, was employed as a correctional officer at Regional Medical Center (RMC) in Lake Butler, Florida. He is sued in his individual capacity.

## FACTUAL ALLEGATIONS

13. On September 21, 2005, Mr. Robbins was transferred to RMC from Liberty Correctional Institution for treatment for complications from hepatitis.

14. On November 12, 2005, while housed at RMC, Mr. Robbins was in his cell when he attempted to open his cell window to get fresh air.

15. The window was structured so that it was only able to be opened a few inches to allow air to pass in and out.

16. When Mr. Robbins opened his window, Defendant Zollo, the dorm warden, yelled at Mr. Robbins to close the window and accused Mr. Robbins of attempting to escape from his cell.

17. Defendant Zollo also accused Mr. Robbins of taking out a razor blade and attempting to cut through the bars on his windows.

18. Not only did Mr. Robbins not attempt to cut through the bars on his window, but the razor blades issued to prison inmates for grooming are not strong enough to be able to cut through the bars on the prison windows.

19. Defendant Zollo ordered Mr. Robbins to leave his cell and ordered Mr. Robbins to go to the clothes house of the dorm.

20. Defendant Doe then joined Defendant Zollo and numerous other unidentified officers in the main room of the dorm, and Defendant Doe began yelling orders at Mr. Robbins such as for Mr. Robbins to not look at Defendant Doe.

21. Defendant Zollo then handcuffed and shackled Mr. Robbins.

22. While Mr. Robbins was handcuffed shackled and even though Mr. Robbins complied with all of Defendant Zollo's and Defendant Doe's requests, Defendant Zollo proceeded to knee Mr. Robbins in his chest and hit him over the back of the head with a flashlight.

23. Defendants Zollo and Doe then took Mr. Robbins to Defendant Jordan's office.

24. Defendant Jordan ordered Defendants Zollo and Doe to take Mr. Robbins to solitary confinement for his attempt to escape.

25. Mr. Robbins was ultimately never charged with an attempt to escape but was charged for destruction of state property.

26. Before taking Mr. Robbins to solitary confinement, Defendant Zollo informed Mr. Robbins that he would be taking Mr. Robbins to see the medical staff to get his medical examination which is necessary before a prisoner is taken to solitary confinement.

27. Defendant Zolo had no intention of getting a medical examination for Mr. Robbins, but instead was taking him to the medical area so that he could further injure Mr. Robbins with fewer witnesses.

28. Defendant Strong then joined Defendants Zollo and Doe in taking Mr. Robbins into the medical area.

29. When Mr. Robbins and Defendants Zollo, Jordan, and Strong walked into the medical center, all of the medical staff left the room, and the Defendants covered all of the windows in the room.

30. Defendant Jordan then returned to his office.

31. Defendant Jordan instructed or otherwise approved of Defendant Zollo, Strong, and Doe's plan to severely and maliciously beat Mr. Robbins.

32. Defendants Zollo, Strong, and Doe then proceeded to take Mr. Robbins to a back room where they inflicted serious bodily harm on Mr. Robbins.

33. Defendants Zollo, Strong, and Doe kicked Mr. Robbins in his ribs, punched him repeatedly over his whole body, slammed his head onto the concrete floor, jumped on him, hit him in the face with a radio, and attempted to suffocate him.

34. The attack lasted approximately fifteen minutes.

35. At the time of the unjustified beating of Mr. Robbins, Mr. Robbins was handcuffed and shackled and unable to pose a threat to the Defendants' ability to maintain order, resist the Defendants' directions, or engage in disruptive behavior.

36. As a result of this attack, Mr. Robbins suffered broken ribs, broken toes, broken teeth, severe contusions on his leg, a concussion, as well as many other injuries.

37. After the attack, Defendant Zollo then transported Mr. Robbins to solitary confinement.

38. Upon reaching solitary confinement, Mr. Robbins repeatedly requested medical attention but was denied.

39. Mr. Robbins was not allowed to receive medical care for two days.

40. When Mr. Robbins saw a doctor, six to eight guards accompanied Mr. Robbins to his appointment.

41. The intent of these guards was to intimidate the doctor so that the doctor would not document the extent of Mr. Robbins's injuries.

42. Despite Mr. Robbins's extensive injuries, the doctor only treated Mr. Robbins for ten minutes.

43. The only treatment that Mr. Robbins received for his extensive injuries was over the counter pain relievers.

44. Mr. Robbins then returned to solitary confinement where he remained for seven to ten days before being sent to Calhoun Correctional Institution and then to Jackson Correctional Institution.

45. After the November 12, 2005 attack, Mr. Robbins continued to suffer severe pain from his injuries.

46. It took approximately six to eight months for his broken ribs to heal, and he experienced dizziness for two to three months from his head injuries.

47. The attack against Mr. Robbins by the Defendants was motivated by Mr. Robbins's repeated complaints to the state about correctional officers' failures to follow prison procedures and correctional officers' failures to provide Mr. Robbins with due process.

## COUNT I
## VIOLATION OF 42 U.S.C § 1983

48. Mr. Robbins incorporates paragraphs 13 through 47 above as if fully restated herein.

49. Defendants Zollo, Strong, Doe, and Jordan violated Mr. Robbins's Eighth and Fourteenth Amendment rights with their severe and unprovoked attack on Mr. Robbins.

50. At all times relevant to this action, Defendant Zollo, Strong, Doe, and Jordan were acting under color of state law.

51. The force used by Defendants Zollo, Strong, and Doe and authorized by Defendant Jordan was used intentionally to inflict pain and injury and not for any lawful purpose.

52. At no time did Mr. Robbins engage in any action that would justify the use of any force, let alone the excessive force described herein as Mr. Robbins was in full restraints throughout the entire incident and at all times material to this action.

53. All four Defendants jointly and with full knowledge of the unconstitutional nature of their actions agreed to and did use excessive and unjustified force maliciously and sadistically for the very purpose of causing harm and not in good-faith effort

7

to restore order or maintain discipline or for any other legitimate penological reason.

54. Because of their joint participation, each Defendant is jointly and severally liable to Mr. Robbins.

**WHEREFORE,** Mr. Robbins demands judgment for:

A. Compensatory damages for the unjustified beating and injuries inflicted by Defendants, including compensatory damages for Mr. Robbins's broken ribs, concussion, contusions, broken teeth, and broken toes, severe pain and suffering, emotional and mental distress, and humiliation and degradation;

B. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

C. And any other relief that the Court finds appropriate.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Robbins demands a trial by jury on all issues so triable.

Respectfully Submitted,

   /s/ Laura J. Boeckman
LAURA J. BOECKMAN
Florida Bar No. 527750
8787 Baypine Road
Suite 255
Jacksonville, FL  32256
904-680-7654
904-680-7693(fax)
lboeckman@fcsl.edu

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Marcus O. Graper, Office of the Attorney General, The Capitol, PL-01, Tallahassee,

Florida, 32399-3300 by electronic filing this  27th  day of January, 2011.

                                                           /s/ *Laura Boeckman*
                                                      Laura Boeckman