UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE REED ROBBINS,

        Plaintiff,

vs.                                    Case No. 3:09-cv-472-J-12JRK

CAPTAIN T. JORDAN,
et al.,

        Defendants.

_____

**ORDER**

    This cause is before the Court upon the filing of Defendants'
Objection to Referral to Mediation (Objection) (Doc. #101), in
which Defendants Jordan and Zollo object to the Order Referring the
Case to Mediation (Doc. #99) and request the Court to permit them
"an opportunity to demonstrate to the Court that this action can be
resolved through summary judgment by allowing them to file a
dispositive motion for summary judgment *before* referring this
action to mediation." Objection (Doc. #101), filed August 3, 2011,
at 4, paragraph 13. Plaintiff has not responded to Defendants'
Objection. In consideration of Defendants' Objection, the Court
has reviewed the relevant pleadings and Orders relating to the
scheduling of discovery, the pretrial conference, the mediation
conference as well as the deadlines for the filing of dispositive
motions and pretrial narrative statements.

    After the Court's appointment of counsel for Plaintiff, see
Order (Doc. #68), and the filing of Plaintiff's Fifth Amended

Complaint (Doc. #75), the Court granted Defendants' Unopposed Motion for Redesignation as Track Two (Doc. #84) and directed the Clerk to redesignate the action as a Track Two case since Robbins is no longer proceeding without counsel. See Order (Doc. #85), filed May 3, 2011; see also Local Rule 3.05(b)(2). Accordingly, the Clerk designated the action as a Track Two case on May 6, 2011, in accordance with Local Rule 3.05. See Notice of Designation (Doc. #86).

On June 2, 2011, pursuant to Local Rule 3.05(c), the parties submitted a Case Management Report (Doc. #93), in which they agreed on the following dates and discovery plan, including, but not limited to: February 1, 2012, for completing all discovery; April 2, 2012, for filing dispositive motions; August 2012 for a final pretrial conference; and October 2012 for a trial. Additionally, they proposed that the Court direct that mediation occur on or before March 15, 2012, and designate Michael Dewberry, Esquire to serve as the Mediator. See Case Management Report (Doc. #93), filed June 2, 2011. Upon consideration of the parties' agreed-upon deadlines in the Case Management Report (Doc. #93), the Court set forth the following deadlines: February 1, 2012, for completing all discovery; April 2, 2012, for filing dispositive motions; and August 1, 2012, for a pretrial conference before the undersigned, noting that the trial date would be set at the pretrial conference.

See Case Management and Scheduling Order (Doc. #98), filed July 14, 2011.

By separate Order, the Court referred the case to mediation, stating that the mediation conference may be conducted any time before March 15, 2012, which is the agreed-upon deadline requested by both parties. See Order Referring Case to Mediation (Doc. #99), filed July 28, 2011. Additionally, the Court appointed Michael J. Dewberry, Esquire to serve as Mediator in this action and again directed that the mediation conference be conducted by March 15th. See Order Appointing A Mediator (Doc. #100), filed July 28, 2011.

In light of the Defendants' initial request that the action be redesignated as a Track Two case, the parties' agreed-upon deadlines in their Case Management Report (Doc. #93), and this Court's careful consideration of the parties' agreed-upon deadlines in setting the deadlines for this action, Defendants' Objection is due to be overruled. For Defendants now to oppose those deadlines is puzzling. Moreover, the Court's scheduled deadlines still permit Defendants to file a summary judgment motion (deadline: April 2, 2012) before the mediation conference (deadline: March 15, 2012). Now, with the parties' agreed-upon deadlines and the Court's implementation of those deadlines, this case should proceed expeditiously and without further delay.

Accordingly, it is now

**ORDERED**:

Defendants' Objection to Referral to Mediation (Objection) (Doc. #101) is **OVERRULED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7TH day of September, 2011.

_Howell W. Melton_
UNITED STATES DISTRICT JUDGE

sc 9/7
c:
Counsel of Record

4